UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Mary E. Hill,** | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 12-0169 (CKK) |
| | : | |
| **United States Department** | : | |
| **of Justice,** | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

This action, initiated *pro* se by plaintiff's "Complaint for Wrongful Termination Due to Disability," is before the Court on Defendant's Motion to Dismiss [Dkt. # 8] and Plaintiff's Motion to Have This Case Sent Back to Equal Employment Opportunity Commission (EEOC) [Dkt. # 12]. For the following reasons, the Court will grant defendant's motion to dismiss as conceded, deny plaintiff's contested motion to remand the case, and dismiss this action without prejudice.

On May 9, 2012, defendant moved to dismiss the case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On May 10, 2012, the Court advised plaintiff about responding to defendant's dispositive motion and gave her until June 15, 2012, to file her response. The Court informed plaintiff that her failure to comply within the time provided might result in summary dismissal of the case on what would be treated as a conceded motion. Order [Dkt. # 9].

On June 13, 2012, plaintiff filed a motion to strike defendant's motion to dismiss as untimely, which the Court denied on June 15, 2012, as baseless. On June 25, 2012, the Court denied plaintiff's motion to appoint counsel filed with the complaint and, on its own motion,

enlarged the time to July 23, 2012, for plaintiff to file her response to defendant's motion to dismiss. Order [Dkt. 11]. On July 11, 2012, plaintiff instead filed the instant motion to remand the case, asserting that she "has yet to exhaust her administrative remedies." Mot. at 1. In opposing plaintiff's motion to remand, defendant asserts essentially that there is nothing more that can occur at the administrative level since the EEOC has rendered a final decision. Def.'s Opp'n [Dkt. # 13] at 2-3. Nevertheless, plaintiff has neither withdrawn her motion nor opposed defendant's motion to dismiss.

As plaintiff was warned in the Orders of May 10, 2012, and June 25, 2012, when, as here, a party does not respond to a motion to dismiss or the arguments supporting such a motion, the Court may treat the motion as conceded and summarily dismiss the case. *See Rosenblatt v. Fenty*, 734 F. Supp. 2d 21, 22 (D.D.C. 2010); *Slovinec v. Amer. Univ.*, 520 F. Supp. 2d 107, 111 (D.D.C. 2007); *see also Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997) ("Where the district court relies on the absence of a response as a basis for treating a motion as conceded, [the District of Columbia Circuit] honor[s] its enforcement of the [local] rule."). Since plaintiff has not opposed defendant's arguments in support of its motion to dismiss, the Court will grant the motion as conceded. In addition, since the Court has not reached the merits of plaintiff's claim and, thus, cannot provide guidance to the EEOC, the Court will deny plaintiff's motion to remand the case and will instead dismiss the case without prejudice. A separate Order accompanies this Memorandum Opinion.

```
                              _____s/s_____
                              COLLEEN KOLLAR-KOTELLY
DATE:  October 9, 2012        United States District Judge
```